IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| LORI A. HAZEWOOD, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | )   CIVIL ACTION 07-0171-WS-B |
| | ) |
| FOUNDATION FINANCIAL GROUP, | ) |
| LLC, *et al.*, | ) |
| | ) |
| Defendants. | ) |

**ORDER**

On May 31, 2007, plaintiff Lori A. Hazewood filed a pleading styled "Second Amended Complaint for Individual and Class Action Relief Filed Prior to a Responsive Pleading by Defendants" (doc. 40).  Upon *sua sponte* review of this pleading and the court file, the Court notes that plaintiff has at no time requested leave of Court to file her Second Amended Complaint.  Under Rule 15(a), Fed.R.Civ.P., after a party has once amended her complaint as a matter of right, "a party ***may amend the party's pleading only by leave of court or by written consent of the adverse party***; and leave shall be freely given when justice so requires."  *Id.* (emphasis added).  Plaintiff previously amended her Complaint as of right by filing her First Amended Complaint (doc. 30) on April 24, 2007.  Having done so, Hazewood is not entitled to further amendments of her pleading as of right, pursuant to Rule 15(a).  *See, e.g., Williams v. Board of Regents of University System of Georgia*, 477 F.3d 1282, 1291 (11th Cir. 2007) (recognizing that Rule 15(a) provides that a party "may amend the party's pleading ***once*** as a matter of course at any time before a responsive pleading is served") (emphasis added); *Kartell v. Blue Shield of Massachusetts, Inc.*, 687 F.2d 543, 550 (1st Cir. 1982) ("Because the original plaintiffs amended their complaint once as of right ..., allowance of further amendment lies in the discretion of the district court"); *TV Communications Network, Inc. v. ESPN, Inc.*, 767 F. Supp. 1062, 1077 (D. Colo. 1991) ("Plaintiff does not have a right to file a second amended complaint.").  However,  the court file reflects neither that plaintiff sought leave of Court to file

her proposed Second Amended Complaint, nor that defendants have consented in writing to such amendment.  As such, in its present posture plaintiff's Second Amended Complaint is improper, impermissible, and violative of the Federal Rules of Civil Procedure.

In light of this procedural defect, plaintiff's Second Amended Complaint (doc. 40) is hereby **STRICKEN** for failure to comply with Rule 15(a), Fed.R.Civ.P.

DONE and ORDERED this 1st day of June, 2007.

s/ WILLIAM H. STEELE
UNITED STATES DISTRICT JUDGE